ELEANOR STUERZE, PLAINTIFF-RESPONDENT, v. STATE OF NEW JERSEY, DIVISION OF PENSIONS, DEFEND-ANT, AND ALMA BALLEW, A/K/A ALMA BALLEW STUERZE, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted May 15, 1972—Decided July 13, 1972.

Before Judges CONFORD, MATTHEWS and FRITZ.

*Messrs. Meredith, Meredith & Chase,* attorneys for appellant (*Mr. Edward B. Meredith,* on the brief).

*Mr. Edward M. Callahan, Jr.,* attorney for respondent.

PER CURIAM. This is a contest between the first and the alleged second wife of decedent, Charles L. Stuerze, a former police officer, who died March 23, 1968, as to which is entitled to benefits as widow under the Police and Firemen's Retirement System of New Jersey. *N. J. S. A.* 43:16A 1 *et seq.*

Plaintiff, the first wife, married decedent in September 1931 and cohabited with him in and about Newark until 1955 when they separated. Decedent went to Florida. In June 1958 he filed a petition for divorce in Tennessee stating he had resided there for more than a year. Whether this is a fact is in some doubt. The second wife (Elizabeth) did not testify in the instant matter, having been too ill to attend the trial (she has since died, leaving brothers and sisters as next of kin). Plaintiff was served in the divorce action only by publication in Tennessee, the divorce petition asserting that her residence and address were unknown to the petitioner and that her last known residence was Newark, New Jersey. Plaintiff testified below she never received any divorce papers from decedent. A final decree of divorce *pro confesso* was entered in Tennessee on August 20, 1958.

On September 28, 1958 decedent married Elizabeth in Hamilton County, Tennessee (Chattanooga). He wrote to his adult son, who was living with plaintiff, that he intended remarriage, and subsequently that the marriage had taken place. He also wrote plaintiff about a year after the divorce that he had obtained it. The record does not verify how long decedent lived with Elizabeth after their marriage although her answer states that they lived together as husband and wife after their marriage and until his death in 1968 in Chattanooga. A post-argument affidavit by a sister of Elizabeth filed at our request verifies these facts, but we do not rely on it for the present decision.

The Chancery Division judge held the Tennessee divorce void because Tennessee did not "have jurisdiction by residence within that state." He also found that the decedent had "lied" in Tennessee in many respects, one of which prevented notice to defendant.

■ ■ We concur in the invalidity of the Tennessee divorce without expressing an opinion as to whether the evidence below was sufficient to overcome the presumption of decedent's domicile in that state and the finding by its court that the defendant therein "had been regularly brought

before the court and made a party to the petitioner's bill * * *." We hold that since the Tennessee defendant had not appeared there, the absence of any effort by decedent to cause process to be mailed at least to her last known address or addresses was a denial of due process essential to validity in actions affecting status notwithstanding the ordinarily applicable requirements of full faith and credit. *Restatement, Conflict of Laws* 2d, § 69, as applied to § 71, Comment e; and see *United States v. Smith,* 398 *F.* 2d 173, 177–178 (3d Cir. 1968); *cf. Kram v. Kram,* 52 *N. J.* 545 (1968), affirming the Appellate Division, 98 *N. J. Super.* 274, 276 (1967), where it was noted that the absent defendant in the Florida divorce proceedings accorded full faith and credit, had been served by publication *and mailing.* The test of due process in such a situation is whether the method used by the divorcing state is one reasonably calculated to give actual notice to the defendant (whether the objective is actually achieved or not). *United States v. Smith, supra,* (398 *F.* 2d, at 177–178). Here, that standard was not met. On the evidence here, it is indisputable that decedent had knowledge of an address or addresses of his wife in New Jersey at which mail might be expected to have reached her.

The foregoing conclusions do not, however, lead to an affirmance, but to a remand. Sight was lost in the trial court of the heavy presumption of validity of the later of two ceremonial marriages involving a common participant and the burdens which must be satisfied by the opponent of the application thereof in a particular case. *Booker v. James Spence Iron Foundry,* 80 *N. J. Super.* 68 (App. Div. 1963); *Dawson v. Hatfield Wire & Cable Co.,* 59 *N. J.* 190 (1971) (recognizing the rule but refusing to allow the opponent of the presumption to prevail even on adequate rebuttal proofs, in a workmen's compensation context, where the contest was not between two claimant "widows" but between one claimant and the respondent employer. A good faith *de facto* relationship as man and wife with many years of cohabitation following a ceremonial marriage until the employee's

death was held to warrant recovery by a dependent consort). Thus, here, plaintiff's disestablishment of the validity of the Tennessee divorce does not of itself discharge her burden to disprove the validity of Elizabeth's later ceremonial marriage. She must also affirmatively prove by clear and convincing evidence (1) that neither she nor decedent were disqualified to marry when the 1931 marriage took place; and (2) that her marriage was not dissolved (aside from the Tennessee divorce discussed above) in any jurisdiction where either she or decedent might have resided from the date of their marriage to the date of the second marriage, *Booker, supra,* (80 *N. J. Super.,* at 73); *Dawson, supra* (concurring and dissenting opinion of Justice Francis, 59 *N. J.,* at 205–208). The dimensions of plaintiff's proof-burden in the foregoing respects are canvassed in both of the opinions just cited, and need not be restated here.

We have considered appellant's contentions as to laches and find no merit therein.

Reversed and remanded for further proceedings in the Chancery Division consistent with this opinion.